**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

MAIN STREET AMERICA ASSURANCE             CIVIL ACTION
COMPANY,
            Plaintiff,

     v.
                           NO.  19-4241

CONNOLLY CONTRACTORS, INC., and
GLENN M. WHITE BUILDERS, INC.
           Defendants.

**MEMORANDUM**

**Joyner, J.**                                   **November 16, 2020**


    This declaratory judgment action has been brought before
the Court for disposition of the Defendant's Motion to Dismiss
for Lack of Jurisdiction.  Defendant argues that the Court
should decline to exercise our discretionary jurisdiction under
the Declaratory Judgment Act, 28 U.S.C. § 2201.  Because the
factors laid out in Reifer v. Westport Ins. Corp., 751 F. 3d 129
(3d Cir. 2014) weigh against abstention, we deny the Motion to
Dismiss.

### Factual Background

    This case arises out of a dispute over the extent of
insurance coverage under policies Plaintiff Main Street America
Assurance Company ("Main Street") issued to Connolly
Contractors, Incorporated ("Connolly Contractors").  As alleged
in Plaintiff's Amended Complaint, Defendant Glenn M. White

Builders, Incorporated ("Glenn White") was the general
contractor for the Brick House Farms development in Newtown
Square, Pennsylvania.  Glenn White retained Connolly Stucco and
Plastering, Incorporated as a subcontractor.  Numerous
homeowners in the Brick House Farms development now allege in
state court suits that Connolly Contractors improperly installed
stucco on their houses causing substantial water intrusions and
other damage.  Glenn White claims to be an additional insured
under Connolly Contractors' policies and demands defense and
indemnity coverage from Main Street.  Main Street brought the
instant federal declaratory judgment action against Connolly
Contractors and Glenn White seeking a declaration that it has no
duty to defend or indemnify under the policies.  Glenn White now
moves for the Court to abstain from hearing this declaratory
judgment action.

## **Analysis**

Glenn White does not argue that dismissal is required, but
rather that we should exercise discretionary abstention under
the Declaratory Judgment Act, 28 U.S.C. § 2201.  The Third
Circuit laid out factors to guide district courts' discretion on
such abstention in Reifer and Kelly v. Maxum Specialty Ins.
Group, 868 F.3d 274 (3d Cir. 2017).  The Reifer factors support
this Court retaining jurisdiction of the case.  The non-
exhaustive factors are:

```
(1)     the likelihood that a federal court declaration will
        resolve the uncertainty of obligation which gave rise
        to the controversy;
(2)     the convenience of the parties;
(3)     the public interest in settlement of the uncertainty
        of obligation;
(4)     the availability and relative convenience of other
        remedies;
(5)     a general policy of restraint when the same issues are
        pending in a state court;
(6)     avoidance of duplicative litigation;
(7)     prevention of the use of the declaratory action as a
        method of procedural fencing or as a means to provide
        another forum in a race for res judicata; and
(8)     An inherent conflict of interest between an insurer's
        duty to defend in a state court and its attempt to
        characterize that suit in federal court as falling
        within the scope of a policy exclusion.
```

Reifer, 751 F.3d at 283.

Main Street argues that all eight factors weigh against

abstention.  We agree.  First, a declaratory action from this

Court would resolve the uncertainty around Main Street's

contractual obligations which gave rise to the controversy.

Second, although Glenn White argues that this Court is

inconvenient because the Brick House Farms development is in

Delaware County, the Eastern District of Pennsylvania includes

Delaware County.  Further, Glenn White is located in West

Chester, Pennsylvania which is also within the Eastern District,

while Main Street's offices are in Florida.  The federal forum

is not substantially more inconvenient to either party than the

Delaware County Court of Common Pleas.  For the third factor,

there is no public interest besides "the usual interest in the

fair adjudication of legal disputes . . . which the District Court is well-equipped to address." Kelly, 868 F.3d at 288. Fourth, parties suggest no alternative remedies and state and federal courts are equally able to grant relief. See id. at 289. Importantly, under the fifth factor courts should favor restraint when there is a pending parallel state proceeding. Reifer, 751 F.3d at 144 ("the absence of pending parallel state proceedings militates significantly in favor of exercising jurisdiction, although it alone does not require such an exercise."). Contemporaneous state and federal proceedings are parallel when the issues and parties are "substantially similar." Kelly, 868 F.3d at 278. Like in Kelly, this federal action seeks a declaratory judgment on an insurer's obligation to defend and indemnify a party that is a defendant in a state action adjudicating that defendant's liability for an alleged harm. See id. In Kelly, the Third Circuit found that the parties and the issues in the two proceedings were not substantially similar and reversed the district court's decision to abstain. Here, Main Street is not a party to the state action and the questions of whether the insurance policy with Main Street covers Glenn White's potential liability and whether Glenn White is liable to the homeowners are distinct. The proceedings are not parallel and so the fifth factor weighs against abstention. The sixth factor also does not support

abstention because there is little risk of duplicative litigation.  Under the seventh factor, there is no indication of procedural fencing or a race for res judicata.  Although Glenn White argues that Main Street seeks procedural advantage in federal court, there is no articulated allegation of improper motive.  See id. at 289.  Finally, Main Street is not currently defending Glenn White and there is no conflict in it seeking this declaratory judgment.  See id.

Glenn White additionally argues that we should abstain from hearing this case because it involves unsettled Pennsylvania state law.  We disagree.  At issue is the meaning of "occurrence" in the relevant insurance policies.  According to Glenn White, the issue is unsettled in Pennsylvania, but, in fact, the issue has been routinely addressed and settled in Pennsylvania state courts.  "Federal courts are, of course, perfectly capable of applying state law."  Reifer, 751 F.3d at 148.

## Conclusion

Because the Reifer factors weigh against this Court's abstention, we retain jurisdiction and deny the Motion to Dismiss.  An Order follows.